NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| REGIONAL CARE SERVICES, CORPORATION, an Arizona corporation; REGIONAL CARE SERVICES CORPORATION HEALTH AND WELFARE EMPLOYEE BENEFIT PLAN, | ) ) ) ) ) ) ) | No. 12-16538<br><br>D.C. No. 2:10-cv-02597-LOA<br><br>MEMORANDUM[*] |
| Plaintiffs - Appellees, | ) ) | |
| v. | ) ) | |
| COMPANION LIFE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant - Appellant. | ) ) ) | |

Appeal from the United States District Court
for the District of Arizona
Lawrence O. Anderson, Magistrate Judge, Presiding

Submitted November 19, 2014[**]
San Francisco, California

Before: NOONAN, FERNANDEZ and IKUTA, Circuit Judges.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Companion Life Insurance Company appeals the district court's grant of summary judgment to Regional Care Services Corporation and Regional Care Services Corporation Health and Welfare Employee Benefit Plan ("the Plan") in their action on a stop-loss contract between Companion and the Plan. We affirm in part, reverse in part and remand.

(1)     Regional Care created the Plan, which provided medical benefits to covered employees and their eligible dependents. The Plan was self-insured, but it entered into a stop-loss insurance contract ("the Contract") with Companion, wherein Companion would reimburse the Plan for benefit amounts paid to an eligible dependent which were over $150,000. In this diversity action, the substantive law of the State of Arizona applies to the interpretation of the Contract,[1] which incorporated the terms of the Plan.[2] Under that law, where the provisions of an insurance contract are "plain and unambiguous upon their face,"

---

[1]See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S. Ct. 817, 822, 82 L. Ed. 1188 (1938).

[2]See Weatherguard Roofing Co. v. D.R. Ward Constr. Co., 152 P.3d 1227, 1229–30 (Ariz. Ct. App. 2007).

2

they control as a matter of law,[3] but if they ultimately are ambiguous,[4] they are construed against the insurer.[5] Here, the Plan gave the Plan's administrator the "maximum legal discretionary authority to construe and interpret the terms and provisions of the Plan," and to decide eligibility for benefits. The Plan further declared that the administrator's decisions would be "final and binding on all interested parties." That included the administrator's resolution of possible ambiguities. However, the Plan also required that the administrator carry out her duties "with care, skill, prudence and diligence." Because the terms of the Plan were incorporated into the Contract, absent an abuse of discretion,[6] Companion was bound by the decision of the Plan administrator.[7]

---

[3]Emp'rs Mut. Cas. Co. v. DGG & CAR, Inc., 183 P.3d 513, 518 (Ariz. 2008) (internal quotation marks omitted).

[4]See id. at 515.

[5]See First Am. Title Ins. Co. v. Action Acquisitions, LLC, 187 P.3d 1107, 1110 (Ariz. 2008); see also Keggi v. Northbrook Prop. & Cas. Ins. Co., 13 P.3d 785, 788, 790 (Ariz. Ct. App. 2000).

[6]See Montour v. Hartford Life & Accident Ins. Co., 588 F.3d 623, 629–30 (9th Cir. 2009) (reasonable basis standard); see also Pac. Shores Hosp. v. United Behavioral Health, 764 F.3d 1030, 1042 (9th Cir. 2014); Day v. AT&T Disability Income Plan, 698 F.3d 1091, 1096 (9th Cir. 2012); cf. United States v. Hinkson, 585 F.3d 1247, 1261–63 (9th Cir. 2009) (en banc).

[7]Companion suggests that the Plan administrator had a conflict of interest. However, even if there was a formal conflict due to the fact that the Plan was self-

(continued...)

(2)     Companion first asserts that the Plan administrator abused her discretion when she decided that M.F.G. was an eligible adopted child of a covered employee, even though M.F.G. did not live in the employee's household.  The Plan does not expressly require adopted children to live with the covered employee, and because there was ambiguity (natural children must live with the employee) we cannot say that the Plan administrator's decision was outside the scope of her discretion.

(3)     Companion also argues that the district court erred when it granted summary judgment on the issue of whether the administrator abused her discretion in deciding that the covered employee supplied over one-half of M.F.G.'s support[8] in 2009.  We agree.  Based on the record in this case,[9] in exercising discretion the administrator as "a prudent person" should have conducted a reasonable investigation regarding the support issue.  On this record, we cannot say that the

---

[7](...continued)
insured, it plainly did not bias the decision to grant benefits to M.F.G.  If anything, that decision suggests that any conflict did not affect the Plan administrator at all. See Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 968–69 (9th Cir. 2006) (en banc).

[8]The Plan referred to 26 U.S.C. § 152 in describing what was meant by supplying over one-half of a dependent child's support.

[9]That includes: the unusual arrangement wherein commencing a few months after her adoption M.F.G. was placed with a guardian thousands of miles from the household; and the dearth of information regarding M.F.G.'s support.

4

administrator did so as a matter of law, or that any failure to do so was of no real consequence in light of the circumstances as they actually existed. Nor can we say that the contrary is true as a matter of law. In short, on this record, we cannot agree "that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a); see also Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004).

AFFIRMED in part, REVERSED in part, and REMANDED. The parties shall bear their own costs on appeal.